IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| QUENTIN LEE EWING, #42404509 | § | |
|    *Plaintiff* | § | |
| v. | § | CIVIL ACTION NO. 4:21cv910 |
| | § | |
| FANNIN CNTY. DET. CTR. | § | |
|    *Defendant* | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Quentin Lee Ewing filed a motion to proceed *in forma pauperis* (Dkt. #8) in his prisoner civil rights lawsuit filed pursuant to 42 U.S.C. § 1983. On February 3, 2022, this Court granted the motion, and ordered that Plaintiff pay an initial partial filing fee of $40.67 within thirty days (Dkt. #14). The initial partial filing fee was based on financial information Plaintiff provided to the Court showing that he had deposits totaling more than $1,200.00 in the prior six months. Plaintiff then filed what was construed as a motion for an extension of time (Dkt. #17). The Court granted an extension of time in which to pay the initial partial filing fee (Dkt. #20). As of today's date, however, no filing fee has been received by the Court.

In spite of the numerous opportunities given, Plaintiff has continued to fail to pay the initial partial filing fee that is required to proceed with this case pursuant to the Prisoner Litigation Reform Act of 1996 (PLRA). Plaintiff was warned that he is responsible for the timely payment of the initial partial filing fee, and that failure to comply may result in the dismissal of this case.

Additionally, on January 26, 2023, the Court ordered Plaintiff to file one amended complaint on the standardized prisoner civil rights form that has been adopted by, and is required by, the Court. (Dkt. #34). Plaintiff was given fourteen days in which to complete the standardized § 1983 form.

Although Plaintiff acknowledged receipt of the Order on February 6, 2023, *see* Dkt. #36, the Court has not received the standardized § 1983 form. He has failed to prosecute his case. FED. R. CIV. P. 41(b).

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In the present case, Plaintiff has failed to comply with the Court's Orders related to paying the initial partial filing fee and filing a standardized § 1983 form; thus, the present case should be dismissed. *See Wildhaber v. United States*, No. 3:19-CV-2045-K (BH), 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court."), *report and recommendation adopted*, No. 3:19-CV-2045-K, 2020 WL 2542735 (N.D. Tex. May 19, 2020); *Jeffery v. Davis*, No. 3:20-CV-164-C (BH), 2020 WL 2363458, at *1 (N.D. Tex. Apr. 20, 2020) ("This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court[.]"), *report and recommendation adopted*,

No. 3:20-CV-164-C-BH, 2020 WL 2343157 (N.D. Tex. May 11, 2020).[1]  In sum, Plaintiff has been given numerous opportunities to pay the initial partial filing fee, but has failed to do so.  It is solely his responsibility to pay the required fee, and Plaintiff has not complied with the Court's Orders (Dkt. ##14, 20).  Additionally, Plaintiff has failed to comply with the Court's Order to complete and submit a standardized § 1983 form (Dkt. #34).  Accordingly, the case should be dismissed for failure to prosecute.  *See* FED. R. CIV. P. 41(b).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b).  *See* FED. R. CIV. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

---

[1] Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988).  A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793.  In the present case, Plaintiff has failed to comply with the Court's Orders requiring a complete application to proceed *in forma pauperis* and a complete standardized § 1983 form. Plaintiff has failed to act according to the Court's Orders.  However, Plaintiff's intentions and actions do not threaten the judicial process, and a dismissal with prejudice is inappropriate.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 2nd day of March, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE